UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. CASITY, | No. 2:25-cv-03065-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| AMADOR COUNTY, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and submitted a declaration averring that he is unable to pay the costs of this proceeding and containing information as to income, assets, and expenses. *See* 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient. Plaintiff will be granted leave to file an amended complaint.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In reviewing the

1

complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint names four defendants: 1) Amador County; 2) Sherry Adams, the Chief Assistant District Attorney; 3) Renee Day, the Presiding Judge of Amador County Superior Court; and 4) Richard A. Ciummo, a public defender. ECF No. 1 at 2-3. Plaintiff alleges there is federal question jurisdiction based on 42 U.S.C. § 1983. *Id*. at 4. Plaintiff complains of an "unjust conviction" and that he was wrongfully imprisoned. *Id*. He appears to claim he received an "unauthorized" sentence of four years and four months. *Id*. at 5. Plaintiff references a resentencing at which he received a lower sentence. *Id.* at 5-6. Plaintiff also alleges there was a conflict of interest because Todd Riebe was the head district attorney and his son, Matt Riebe, was dating Plaintiff's daughter. *Id*. at 6. Plaintiff alleges that Todd Riebe was present at his sentencing hearing. *Id.* Plaintiff seeks monetary damages.

Plaintiff also attaches to his complaint portions of what purports to be the transcript from a hearing in Amador County Superior Court on August 2, 2022 (ECF No. 1 at 8-9), what appears to be a brief from a prior case (*id*. at 10-11), and some other state court documents related to his criminal proceeding (*id*. at 12-15).

C. Analysis

Plaintiff's claim appears to be based on an allegedly wrongful state court conviction and/or unlawful sentence. Where a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the plaintiff must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). *Heck*'s "favorable termination" rule applies regardless of the form of remedy sought,

3

1  if the § 1983 action necessarily implicates the validity of an underlying conviction. *See Edwards
2  v. Balisok*, 520 U.S. 641, 646–48 (1997). It appears from the allegations of the complaint that
3  Plaintiff's conviction was vacated in part, but not entirely, and remanded for resentencing. *See
4  People v. Casity*, 2024 WL 3434829, *1 (Cal. Ct. App. July 17, 2024) ("We agree that Casity
5  should only have been convicted of one count of stalking … We thus reverse the conviction on
6  count I and will remand the matter for resentencing.").

7  Plaintiff has filed seven prior lawsuits in this District since 2022. At least some of those
8  actions appear to concern the same subject matter. In *Casity v. Riebe*, 2:22-cv-2181-DAD-JDP,
9  Plaintiff sued Todd and Matthew Riebe. The action was dismissed without prejudice for failure
10 to prosecute and failure to comply with court orders. ECF No. 19. In *Casity v. Amador County
11 Sup. Ct., et al.*, 2:24-cv-00450-KJM-AC, Plaintiff sued the superior court, Judge Day, and Todd
12 Riebe. That action was dismissed for failure to state a claim, with the court discussing the *Heck*
13 doctrine, and judicial and prosecutorial immunity. ECF No. 6.

14 In *Casity v. Amador County*, et al., 2:24-cv-02449-DC-CSK, Plaintiff sued the County,
15 Judge Day, and assistant district attorney Adams. Plaintiff made the same claim that he makes
16 herein—that he was sentenced to an unauthorized sentence. ECF No. 5 at 3. The claims against
17 Judge Day and Adams were dismissed on the basis of judicial and prosecutorial immunity
18 without leave to amend. ECF No. 6. Plaintiff was given leave to amend on his claim against the
19 County. Plaintiff did not attempt to amend, and the action was dismissed without prejudice. ECF
20 Nos. 7 & 8.
21 The instant action suffers from some of the same deficiencies identified in the prior actions. The
22 action appears to be barred by *Heck*. Moreover, Plaintiff names as a defendant Adams, an
23 assistant district attorney. "State prosecutors are absolutely immune from § 1983 actions when
24 performing functions intimately associated with the judicial phase of the criminal process."
25 *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) (internal quotation and
26 citation omitted). Plaintiff also names as a defendant Judge Day. "A judge is absolutely immune
27 from liability for his judicial acts even if his exercise of authority is flawed by the commission of
28 grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). This judicial immunity

covers all damages actions for judicial acts taken within a court's jurisdiction. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).

Plaintiff also asserts claims against his public defender. Plaintiff cannot maintain an action against his public defender under § 1983 because a public defender is not a state actor for purposes of § 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Finally, Plaintiff asserts a claim against the County. A local governmental unit or municipality is only liable under § 1983 if a policy, custom, or practice caused the particular constitutional violation at issue. *See Rivera v. County of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014) ("[M]unicipalities, including counties and their sheriff's departments, can only be liable under § 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'"). Plaintiff makes no allegations suggesting a policy, practice, or custom caused the alleged constitutional violation. Instead, Plaintiff refers to the court's "mistake" and implies that his improper sentence may have been the result of a conflict of interest in the prosecutor's office. ECF No. 1 at 6.

The Court concludes that Plaintiff fails to state a claim, but it is not absolutely clear that leave to amend would be futile. It may be that leave to amend is futile, given the above discussion of immunity and the *Heck* doctrine, as well as the dismissal of the prior cases. However, all but one of Plaintiff's prior actions was filed before the California Court of Appeals issued its ruling in July 2024. Plaintiff is proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to attempt to cure these defects.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must contain a short and plain statement of Plaintiff's claims. The allegations of the complaint must be set forth in

sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather than making conclusory allegations that the defendants collectively violated plaintiff's rights.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff should clearly allege whether he was convicted on the criminal charges discussed in the complaint, and if so whether the conviction has been invalidated on appeal, vacated, or otherwise set aside.  If the amended complaint names the County as a defendant, Plaintiff must include allegations to establish municipal liability.  In order to establish liability a plaintiff must show that a policy, custom, or practice was the moving force behind the constitutional violation.  *See Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020) ("A municipality may be held

6

liable as a 'person' under 42 U.S.C. § 1983 when it maintains a policy or custom that causes the deprivation of a plaintiff's federally protected rights."). If Plaintiff continues to name as defendants the judges and prosecutors involved in his criminal case, he must make factual allegations which would demonstrate why the general immunity doctrines discussed above do not apply.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.
3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 31, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE