UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD D. CASITY, | No. 2:25-cv-03065-DAD-SCR |
| Plaintiff, | |
| v. | |
| AMADOR COUNTY, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 4). The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed for failure to state a claim as it is barred by the doctrine set out in *Heck v. Humphrey*, 512 U.S. 477, 483-87 (1994).

**I.      Background and Procedural History**

Plaintiff filed this action on October 22, 2025, and complains of an "unjust conviction" and that he served an "unauthorized" sentence. ECF No. 1 at 4-5. The Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3. The Court found the complaint failed to state a claim and advised Plaintiff that it appeared to be barred by the *Heck* doctrine. ECF No. 3 at 5. The Court also noted that Plaintiff had filed seven prior lawsuits in this District since 2022, and that many involved the

1

same subject matter and defendants as the instant action. ECF No. 3 at 4. As Plaintiff sues a judge and prosecuting attorney, the Court's screening order also addressed judicial and prosecutorial immunity. *Id.* at 4-5.

The Court allowed leave to amend and told Plaintiff that if he chose to amend, he must address the issues set forth in the screening order. *Id.* at 6. Plaintiff filed a first amended complaint (FAC), which is now before the Court for screening pursuant to 28 U.S.C. § 1915(e).

**II.    Analysis**

Plaintiff's FAC does not cure the deficiencies set forth in the prior screening order. The FAC is a mere two pages and is more the format of a narrative letter than a complaint. ECF No. 4. It does not contain a jurisdictional statement, it does not clearly identify the parties, and it is not delineated into numbered paragraphs. The FAC confirms that Plaintiff went to trial on criminal charges, was convicted, and sentenced to four years and four months. *Id*. at 1. He states that the appellate court ordered resentencing, which "took one year off" of his sentence. *Id.*

The Court recommends the action be dismissed for the reasons stated in the prior screening order. ECF No. 3. The action is barred by *Heck*. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (explaining that "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").[1] Here, Plaintiff specifically challenges his conviction as unlawful and argues the duration of his sentence was unauthorized. In addition to the *Heck* bar, two of the Defendants have immunity, and one Defendant is not a state actor. *See* ECF No. 3 at 4-5. Additionally, there are no allegations to establish *Monell* liability as to the County. The Court concludes that because Plaintiff's claims are *Heck* barred, he fails to state a claim and the action must be dismissed pursuant to § 1915(e). *See Washington v. L.A. County Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016) (holding

---

[1] That plaintiff has completed his sentence does not alter application of the *Heck* doctrine. *See Cunningham v. Gates*, 312 F.3d 1148, 1153 n.3 (9th Cir. 2002).

"that *Heck* dismissals may constitute Rule 12(b)(6) dismissals for failure to state a claim when the pleadings present an 'obvious bar to securing relief' under *Heck*" (citation omitted)).

### III.    Leave to Amend

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has already allowed Plaintiff an opportunity to amend and finds that further leave to amend would be futile. The Court recommends denying further leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### IV.    Conclusion

**IT IS HEREBY RECOMMENDED that**:

1.  Plaintiff's First Amended Complaint and this action be dismissed without prejudice; and

2.  The Clerk be directed to enter Judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 14, 2026.

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3